# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EUGENE J. MCEWEN,<br><br>**Plaintiff,**<br><br>v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner for Operations,[1]<br><br>**Defendant.** | No. 17 C 3379<br><br>Magistrate Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff Eugene J. McEwen filed this action seeking reversal of the decision of the Commissioner of Social Security denying her application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act (Act). 42 U.S.C. §§ 405(g), 1381 et. seq. The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), and filed cross motions for

---

[1] Nancy A. Berryhill was the Acting Commissioner of Social Security starting on January 23, 2017. Pursuant to the Federal Vacancies Reform Act, 5 U.S.C. § 3345 *et seq.*, her acting status ended in November 2017 and she returned to her prior position of Deputy Commissioner for Operations. "In accordance with the agency's Order of Succession, Berryhill continues to lead the SSA as it awaits the nomination and confirmation of a Commissioner." *See Brock v. Berryhill*, No. CV 6: 17-241-DCR, 2018 WL 1701314, at *8 (E.D. Ky. Apr. 6, 2018) (citation omitted).

summary judgement. For the reasons stated below, the case is remanded for further proceedings consistent with this Opinion.

## I. PROCEDURAL HISTORY

Plaintiff filed an application for SSI on January 19, 2012, alleging disability beginning September 1, 1993. (R. at 103). The application was denied initially and upon reconsideration, after which Plaintiff filed a timely request for hearing. (*Id*. at 103–04, 109, 112–115). On December 16, 2014, Plaintiff appeared, with his representative, before an Administrative Law Judge (ALJ), Patrick Nagle, who ordered Plaintiff to obtain a psychological consultative examination and testing. (*Id*. at 100, 103, 560–70). After the consultative examination, Plaintiff, represented by counsel, testified at a supplemental hearing before ALJ Carla Suffi on August 6, 2015. (*Id*. at 40–102). The ALJ also heard testimony from Plaintiff's sister, Vera McEwen, and Edward Pagella, an impartial vocational expert (VE). (*Id*.).

The ALJ denied Plaintiff's request for benefits on August 25, 2015. (R. at 13–33). Applying the five-step sequence for assessing disability, *see* 20 C.F.R. § 404.1520(a), the ALJ found, at step one, that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of January 19, 2012. (*Id*. at 15). At step two, the ALJ found that Plaintiff has the following severe impairments: obesity, severe degenerative joint disease of the right knee, moderate degenerative joint disease at the right ankle, asthma, a history of a learning disorder, depression, and alcohol and marijuana abuse. (*Id*.). At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meet or medically

equal the severity of any of the listings enumerated in the regulations. (*Id*. at 16–19).

The ALJ then assessed Plaintiff's Residual Functional Capacity (RFC) and determined that Plaintiff has the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), but with the following limitations:

> [T]he claimant would be limited to occasional kneeling, crouching, crawling, and climbing, and he should never work around hazards such as unprotected heights and dangerous moving machinery. The claimant should never work in environments with concentrated amounts of pulmonary irritants, such as dusts, odors, fumes, and gases. The Claimant would be capable of performing simple, routine tasks that can be learned on a short demonstration. He would be unable to plan work independently, but would be able to follow simple directions and carry out simple tasks. He would be unable to perform fast production pace work, but could perform goal oriented work. The claimant would be unable to tolerate work with the public due to his impaired cognition.

(R. at 19). The ALJ determined at step four that Plaintiff has no past relevant work. (*Id*. at 32). Based on Plaintiff's RFC, age, education, work experience, and the VE's testimony that Plaintiff is capable of performing work as an assembler, packer and sorter, the ALJ determined at step five that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id*. at 32–33). Accordingly, the ALJ concluded that Plaintiff was not under disability, as defined by the Act, from the alleged onset date through the date of the ALJ's decision. (*Id*. at 33).

The Appeals Council denied Plaintiff's request for review on March 6, 2017. (*Id*. at 1–6). Plaintiff now seeks judicial review of the ALJ's decision, which stands as

the final decision of the Commissioner. *Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## II. STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is authorized by § 405(g) of the Act. In reviewing this decision, the Court may not engage in its own analysis of whether the plaintiff is severely impaired as defined by the Social Security Regulations. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Nor may it "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute [its] own judgment for that of the Commissioner." *Id*. The Court's task is "limited to determining whether the ALJ's factual findings are supported by substantial evidence." *Id*. (citing § 405(g)). Evidence is considered substantial "if a reasonable person would accept it as adequate to support a conclusion." *Indoranto v. Barnhart*, 374 F.3d 470, 473 (7th Cir. 2004); *see Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014) ("We will uphold the ALJ's decision if it is supported by substantial evidence, that is, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation omitted). "Substantial evidence must be more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). "In addition to relying on substantial evidence, the ALJ must also explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

Although this Court accords great deference to the ALJ's determination, it "must do more than merely rubber stamp the ALJ's decision." *Scott v. Barnhart,* 297 F.3d 589, 593 (7th Cir. 2002) (citation omitted). "This deferential standard of review is weighted in favor of upholding the ALJ's decision, but it does not mean that we scour the record for supportive evidence or rack our brains for reasons to uphold the ALJ's decision. Rather, the ALJ must identify the relevant evidence and build a 'logical bridge' between that evidence and the ultimate determination." *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014). Where the Commissioner's decision "lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded." *Steele v. Barnhart,* 290 F.3d 936, 940 (7th Cir. 2002).

## III. DISCUSSION

Plaintiff makes a number of arguments challenging the ALJ's decision. After reviewing the record and the parties' briefs, the Court is persuaded by Plaintiff's argument that the RFC assessment and corresponding VE hypothetical did not appropriately address Plaintiff's impairments in concentration, persistence, or pace.[2]

The ALJ concluded at step two of her analysis that Plaintiff has moderate difficulties maintaining concentration, persistence, or pace. (R. at 18). The ALJ also gave "great weight" to state agency psychological consultant Thomas Low, Ph.D., who concluded that Plaintiff has moderate difficulties maintaining concentration,

---

[2] Because the Court remands on this basis, it does not address Plaintiff's other arguments at this time.

persistence, or pace; and specifically indicated that Plaintiff has moderate limitations in maintaining attention and concentration for extended periods; in his ability to understand, remember, and carry out detailed instructions; and in his ability to set realistic goals or make plans independent of others. (*Id.* at 414, 418–19). But the ALJ did not adequately address all of these difficulties in the RFC or the hypothetical questions she posed to the VE. Limiting an RFC to "simple, routine tasks that can be learned on a short demonstration;" being unable to "perform fast production pace work;" and being unable to "tolerate work with the public;" does not address Dr. Low's finding that Plaintiff had moderate difficulties *maintaining attention and concentration for extended periods*.

In the Seventh Circuit, "both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record." *Yurt v. Colvin,* 758 F.3d 850, 857 (7th Cir. 2014); *Indoranto,* 374 F.3d 470, 473–74 (7th Cir. 2004) ("If the ALJ relies on testimony from a vocational expert, the hypothetical question he poses to the VE must incorporate all of the claimant's limitations supported by medical evidence in the record."); *O'Connor-Spinner v. Astrue,* 627 F.3d 614, 619 (7th Cir. 2010); *see also* Social Security Ruling (SSR) 96-5p, at *5 (RFC assessment "is based upon consideration of all relevant evidence in the case record, including medical evidence and relevant nonmedical evidence"); 20 C.F.R. § 404.1545. "Among the mental limitations that the VE must consider are deficiencies of concentration, persistence, or pace." *Varga v. Colvin,* 794 F.3d 809, 813 (7th Cir. 2015); *see Stewart v. Astrue,* 561 F.3d 679, 684 (7th Cir.

6

2009) (hypothetical question "must account for documented limitations of 'concentration, persistence, or pace' ").

While there is no specific language prescribed for addressing limitations in concentration, persistence, and pace, the Seventh Circuit has "repeatedly rejected the notion that a hypothetical . . . confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace." *Yurt,* 758 F.3d at 858–59; *see O'Connor-Spinner,* 627 F.3d at 620 ("[E]mploying terms like 'simple, repetitive tasks' on their own will not necessarily exclude from the [VE's] consideration those positions that present significant problems of concentration, persistence and pace"); *Craft v. Astrue*, 539 F.3d 668, 677-78 (7th Cir. 2008) (finding that restricting claimant to unskilled, simple work does not account for his difficulty with memory, concentration, and mood swings).

Decidedly, the Seventh Circuit has held that "for most cases, the ALJ should refer expressly to limitations on concentration, persistence and pace in the hypothetical [posed to a vocational expert] in order to focus the [expert's] attention on these limitations[.]" *O'Conner-Spinner v. Astrue*, 627 F.3d 614, 620–21 (7th Cir. 2010). Exceptions to this general rule exist when the VE has "independently reviewed the medical record or heard testimony directly addressing those limitations." *Id.* at 620. Neither of these exceptions applies here. Nothing in the record suggests that the VE reviewed the medical record or heard testimony addressing Plaintiff's limitations in concentration, persistence or pace. Similarly,

contrary to the Commissioner's assertion, this case does not fall under the exception outlined in *O'Conner-Spinner* where the Seventh Circuit "[has] let stand an ALJ's hypothetical omitting the terms 'concentration, persistence and pace' when it was manifest that the ALJ's alternative phrasing specifically excluded those tasks that someone with the claimant's limitations would be unable to perform." *Id*. at 619. As the Court in *O'Conner Spinner* explained, this exception mainly applies "when a claimant's limitations were stress- or panic- related and the hypothetical restricted the claimant to low-stress work." *Id.* That is not the case here.

Likewise, the Court is not persuaded by the Commissioner's argument that the ALJ does not need to incorporate Dr. Low's finding that Plaintiff had moderate limitations in his ability to *maintain attention and concentration for extended periods* because it was a rating found in Section I, the worksheet observations, as opposed to Section III, the narrative conclusions, of the Mental Residual Functional Capacity Assessment. (*See* Def.'s Mem., Dkt 17 at 8). The Seventh Circuit has held that "[w]orksheet observations, while perhaps less useful to an ALJ than a doctor's narrative RFC assessment, are nonetheless medical evidence which cannot just be ignored." *Varga*, 794 F.3d at 816. While the Seventh Circuit has acknowledged that "in some cases, an ALJ may rely on a doctor's narrative RFC, rather than the checkboxes, where that narrative adequately encapsulates and translates those worksheet observations," *id.* (*citing Johansen v. Barnhart*, 314 F. 3d 283, 286 (7th Cir. 2002)); here, Dr. Low's Section III narrative does not adequately translate and encapsulate all of the limitations addressed in Section I. The Section III narrative

8

describes how Plaintiff would be expected to have difficulties with complex directions, but could recall and follow simple directions and do simple tasks. (R. at 420). However, the narrative does not address Plaintiff's ability to *maintain attention and concentration for extended periods*, a limitation identified in Section I. (*Id.* at 418, 420). As the Seventh Circuit noted in *O'Conner-Spinner*, concentration, persistence, and pace limitations compromise an individual's "ability to stick with a given task over a sustained period," not with the ability to learn, understand or initially perform the task. *O'Conner-Spinner,* 627 F.3d at 620. That Plaintiff may be able to comprehend instructions enough to remember and perform a simple task does not imply that he can continue performing that task repeatedly at a sustained pace for the duration of a work shift in the competitive labor market. Accordingly, the ALJ's hypothetical to the VE failed to account for all of Plaintiff's limitations.

Because the ALJ did not account for all of Plaintiff's limitations in his questioning of the VE, it is unclear whether Plaintiff is indeed capable of performing the jobs that the VE proposed. Therefore, the ALJ failed to "build an accurate and logical bridge from the evidence to her conclusion" that Plaintiff can work. *Steele,* 290 F.3d at 941 (internal quotation omitted). This prevents the Court from assessing the validity of the ALJ's findings and providing meaningful judicial review. *See Scott,* 297 F.3d at 595. For the reasons set forth above, the ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall pose a hypothetical question that explicitly "account[s] for documented limitations of 'concentration, persistence, or pace.'" *Stewart,* 561 F.3d at 684.

## IV. REMEDY

Plaintiff requests a reversal of the Commissioner's decision with an order to award benefits or, in the alternative, a reversal with a remand for further proceedings. (Pl.'s Mem.,Dkt. 15 at 20). When reviewing a denial of disability benefits, a court may "affirm, reverse, or modify the Social Security Administration's decision, with or without remanding the case for further proceedings." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011) (citing 42 U.S.C. § 405(g)). The court may reverse with an instruction to award benefits only if "all factual issues have been resolved and the record can yield but one supportable conclusion." *Briscoe*, 425 F.3d at 355 (citation omitted). That is not the case here, and it is not the purview of this Court to gather or reweigh evidence. Therefore, remand for further proceedings is the appropriate remedy.

## V. CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment [15] is **GRANTED**. Defendant's Motion for Summary Judgment [17] is **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is reversed, and the case is remanded to the Commissioner for further proceedings consistent with this Opinion.

E N T E R:

Dated: May 1, 2018

_____
MARY M. ROWLAND
United States Magistrate Judge